UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER J. FARRELL, M.D.,

    Plaintiff,

v.                                        Case No: 8:24-cv-2338-CEH-LSG

GULF-TO-BAY
ANESTHESIOLOGY
ASSOCIATES, LLC,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. 8). In the motion, Plaintiff contends that this case should be remanded to the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida because of a forum-selection clause in the parties' contract that designates Florida state courts located in Tampa Florida as the sole and exclusive forum for matters related to the subject agreement. Plaintiff seeks attorney's fees and costs for the alleged improvident removal. Defendant filed a response in opposition (Doc. 14), arguing that the parties' agreement does not support Plaintiff's position, and the motion should be denied. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Remand.

## **BACKGROUND**

This case arises out of an alleged breach of an employment agreement between the parties. Doc. 1-1. Defendant, Gulf-to-Bay Anesthesiology Associates, LLC,

provides anesthesiology and pain management coverage to healthcare facilities. *Id.* ¶ 6. Plaintiff, Christopher J. Farrell, is an anesthesiologist who was employed by Defendant from August 1, 2023 to March 13, 2024, pursuant to a Medical Professional Employment Agreement ("the employment agreement") that the parties executed on February 8, 2023. *Id.* ¶¶ 1, 3. The employment agreement includes a "Governing Law and Venue" provision that requires litigation arising out of an alleged breach of the agreement to be commenced "only in a court of the city (cities) in which Facilities are located." Doc. 1-2 at 7.

In his Complaint Plaintiff sues Defendant for breaching the employment agreement in numerous respects, including denying his requests for personal time off, treating him differently than other professionals regarding leave requests, scheduling him to shifts which were not mutually agreed upon, not scheduling him off on a day when he worked the prior day after midnight and instead requiring him to use personal time off, denying him week-long requests for leave although other professionals are able to take weekly time off, denying him compensation for unused leave time, and failing to reimburse him for moving expenses. Doc. 1-1.

In July 2024, Plaintiff sued Defendant in Hillsborough County state court alleging one cause of action under Florida state law for breach of contract. *Id.* On October 4, 2024, Defendant filed its Notice of Removal seeking to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1. In support, Defendant alleges that Plaintiff is a citizen of Florida and Defendant is a Delaware company with its principal place of business in Tennessee. *Id.* at 2. Because Defendant is a limited

liability company, it was required to identify the names of its members and the citizenship of those members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) (For purposes of diversity jurisdiction, a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen."). Defendant does so here. Specifically, Defendant identifies its sole member as FGTB Holdings, LLC, whose sole member is Team Anesthesia, LLC, whose sole member is Team Finance, LLC. Finally, Defendant alleges Team Finance, LLC's sole member is Team Health Holdings, Inc., which is incorporated in Delaware with its principal place of business in Tennessee. Thus, Defendant is a citizen of Delaware and Tennessee and is diverse from Plaintiff.

As for the amount in controversy, the Complaint alleges that damages exceed $50,000. Doc. 1-1 ¶ 7. In the Notice of Removal, Defendant submits the jurisdictional threshold is satisfied because Plaintiff made a settlement demand of $78,358.00. Defendant attaches to the Notice of Removal a copy of the settlement demand (Doc. 1-8), which states the requested demand is based on the amount of his reduced pay, unpaid moving expenses, 3 days of forfeited PTO time, and attorney's fees.

Plaintiff does not contest that the parties are diverse and that the amount in controversy exceeds $75,000. Instead, Plaintiff seeks to remand this action to state court relying upon the "Governing Law and Venue" provision of the employment agreement that dictates that any litigation arising out of the agreement be instituted in Tampa.

## DISCUSSION

1. **Forum Selection Clause**

Plaintiff moves to remand this action arguing that the forum-selection clause requires disputes between the parties to be resolved in state court in Tampa, Florida. "Forum-selection clauses are presumptively valid and enforceable unless the [opposing party] makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). District courts have the inherent power to remand a removed case when it is appropriate to do so to enforce a forum selection clause. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1263 (11th Cir. 1999). While "the party attempting to invalidate a forum-selection clause has a heavy burden of proof," *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir. 2013), Defendant does not seek to invalidate the forum selection clause governing the parties' relationship. Rather, Defendant submits that it does not compel remand to state court. The Court agrees.

The Employment Agreement at issue contains the following forum-selection clause:

> 15. Governing Law and Venue. The law of the state(s) in which Facilities are located shall govern the rights and obligations under this Agreement. Legal proceedings for breach of this Agreement shall be commenced within twelve (12) months of any alleged breach. *If litigation is necessary, such legal action shall be commenced only in a court of the city (cities) in which Facilities are located*.

Doc. 1-2 at 6 (emphasis added). The addendum to the employment agreement defines "facilities" as Tampa General Hospital ("Main Facility"), TGH Brandon Healthplex, TGH Surgery Center at Morsani, and "[a]ll other facilities at which Company provides anesthesia services within the Tampa Bay Area, as agreed upon by the parties." *Id.* at 9.

Although Plaintiff argues that the plain language of the forum-selection provision requires disputes to be filed in state court, the only qualifier that the provision has is for legal proceedings to be commenced in the city or cities in which facilities are located. Each of the facilities identified has a Tampa address. Thus, contrary to Plaintiff's argument that litigation must be initiated in Tampa state court, there is no limitation on the court, only on the city. And, as a practical matter, Plaintiff did commence the action in state court, but there is nothing about this forum-selection clause that prohibits the action from going forward in federal court in Tampa. Plaintiff's motion is due to be denied.

### 2. Amount in Controversy

The Plaintiff's motion does not challenge the Court's subject matter jurisdiction, but federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot

5

be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, if the district court has jurisdiction. 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)); *see Univ. of S. Ala.*, 168 F.3d at 411–412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal."). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412. When evaluating the existence of diversity jurisdiction for a removed action, a court must look to whether diversity jurisdiction existed at the time of removal. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008). "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

While the parties' diverse citizenship is clearly alleged, the issue of the amount in controversy is not as straight forward. The Complaint alleges damages in excess of $50,000. Doc. 1-1 ¶ 2. Because a specific amount is not pleaded, the Court may look to the Notice of Removal to determine if the jurisdictional amount has been met. In the Notice of Removal, Defendant proffers the settlement demand of Plaintiff. A settlement offer may be some evidence of the amount in controversy. However, the persuasiveness of a settlement demand in establishing the amount in controversy varies based on the amount of detail contained in it to support the amount. Additionally, "'[s]ettlement offers commonly reflect puffing and posturing,' especially where they

7

lack 'specific information to support the plaintiff's claim for damages.'" *Seoanes v. Capital One Bank (USA) N.A.*, No. 6:13-cv-1568-RBD-GJK, 2013 WL 6283651, at *2 (M.D. Fla. Dec. 4 2013) (quoting *Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319-TBS-HBT, 2010 WL 6793850, at *3 (M.D. Fla. Nov. 5, 2010)).

Plaintiff's March 13, 2024 demand letter requested $78,358.00 to settle this dispute. Although there are no documents attached to the emailed demand letter to substantiate this amount, the demand letter itemized the damages as follows: $50,000 deducted from his pay; $15,000 in unpaid moving expenses; three days of forfeited PTO time; and attorney's fees.[1] The employment agreement, which is attached to the Notice of Removal, reflects that Plaintiff was to be paid a base annual salary of $450,000; a $25,000 metrics bonus within 45 days after each calendar quarter; a pediatric stipend totaling $100,000 paid in bi-weekly installments; a sign-on bonus of $150,000 to be paid in three equal $50,000 installments; and $15,000 in moving expenses. Doc. 1-2 at 9–10. While the Court may not speculate or guess as to the amount in controversy, it may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and it may use its "judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Kilmer v. Stryker Corp.*, No. 5:14-CV-456-MMH-PRL, 2014 WL 5454385, at *2 (M.D. Fla. Oct. 27, 2014) (citing *Roe v. Michelin*

---

[1] Courts in this Circuit have recognized that "[w]hen attorneys' fees are recoverable—either by contract or by statute—only fees incurred at the time of removal should be included in the amount-in-controversy computation." *Torreyes v. Godiva Chocolatier, Inc.*, 424 F. Supp. 3d 1276, 1282 (S.D. Fla. 2019).

8

*N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)). Applying the Court's experience, the demand is not mere puffery, and common sense supports that attorney's fees up to the time of removal, coupled with the amount of forfeited PTO, would boost the damages over the $75,000 threshold. Defendant has proffered documentary evidence to demonstrate that the amount in controversy has been satisfied. And Plaintiff does not argue to the contrary.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Remand (Doc. 5) is **DENIED**.

2. Within twenty-one (21) days of the date of this Order, the parties shall conduct a planning conference as required by the Federal Rules of Civil Procedure and file a Case Management Report using the standard form from the court's website.

**DONE AND ORDERED** in Tampa, Florida on March 18, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

9